UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JIHUI ZHANG and XIDONG GAO, on behalf of
themselves and others similarly situated,

                            Plaintiffs,

    - against -

XYZ LIMOUSINE, INC. d/b/a XYZ Car; XYZ TWO
WAY RADIO TAXI ASSOC., INC. d/b/a XYZ Car; XYZ
TWO WAY RADIO SERVICE, INC. d/b/a XYZ Car; and
MOHAMED MOWAD,

                            Defendants.
----------------------------------------------------------------X

Case No: 2:15-cv-7440 (LDW)(ARL)

Oral Argument Requested

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

ARKIN SOLBAKKEN LLP
Lisa C. Solbakken, Esq.
Robert C. Angelillo, Esq.
Deana Davidian, Esq.
750 Lexington Avenue, 25th Floor
New York, New York 10022
Tel: (212) 333-0200

*Attorneys for Defendants*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND ............................................................................................................................2

ARGUMENT ..................................................................................................................................3

I.   COUNT VI IS BARRED AS A MATTER OF LAW BECAUSE PLAINTIFFS
     ARE EXEMPT FROM THE OVERTIME PROVISIONS OF THE FLSA. .......................3

II.  PLAINTIFFS' CLAIMS UNDER THE NYLL ARE BARRED SINCE
     DEFENDANTS ARE EXEMPT FROM THE APPLICABLE PROVISIONS. ...................5

III. PLAINTIFFS' GBL § 349 CLAIM FAILS AS A MATTER OF LAW. .............................7

IV.  PLAINTIFFS' CLAIMS ARE BARRED BY STATUTE OF LIMITATIONS. ..................8

CONCLUSION ...............................................................................................................................8

# TABLE OF AUTHORITIES

Cases

*Arena v. Plandome Taxi, Inc.*,
   2014 U.S. Dist. LEXIS 51967 (E.D.N.Y. 2014)..................................................4, 5, 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................................3

*Boyd v. J.E. Robert Co.*,
   2012 U.S. Dist. LEXIS 143365 (E.D.N.Y. Aug. 27, 2012)..........................................7

*Cariani v. D.L.C. Limousine Serv., Inc.*,
   363 F.Supp.2d 637 (S.D.N.Y. 2005)......................................................................4

*Dicroce v. Wells Fargo Bank, N.A.*,
   2014 U.S. Dist LEXIS 140314 (E.D.N.Y. Sep. 26, 2014)...........................................7

*Garber v. Legg Mason, Inc.*,
   537 F. Supp. 2d 597 (S.D.N.Y. 2008), *aff'd*, 347 F. App'x 665 (2d Cir. 2009)................3

*Genesco Entm't v. Koch*,
   593 F. Supp. 743 (S.D.N.Y. 1984).........................................................................7

*Godlewska v. HDA, Human Dev. Ass'n, Inc.*,
   2006 U.S. Dist LEXIS 30519 (E.D.N.Y. May 18, 2006).............................................8

*Gonzalez v. Gan Israel Preschool*,
   2014 U.S. Dist. LEXIS 34633 (E.D.N.Y. Feb. 5, 2014)..............................................8

*Khan v. IBI Armored Servs., Inc.*,
   474 F. Supp. 2d 448 (E.D.N.Y. 2007).....................................................................6

*Saggio v. Select Portfolio Servicing, Inc.*,
   2015 U.S. Dist. LEXIS 150490 (E.D.N.Y. 2015)......................................................7

*Securitron Magnalock Corp. v. Schnabolk*,
   65 F.3d 256 (2d Cir. 1995)...................................................................................7

*Vitolo v. Mentor H/S, Inc.*,
   426 F. Supp. 2d 28 (E.D.N.Y. 2006).......................................................................7

*Woods v. Maytag Co.*,
   807 F. Supp. 2d 112 (E.D.N.Y. 2011)..................................................................7, 8

Other Authorities

29 U.S.C. 207(a)..............................................................................................................3

29 U.S.C. § 213(b)(17).....................................................................................................3

29 U.S.C. § 255(a) ...........................................................................................................8

N.Y. Lab. Law § 651........................................................................................................6

N.Y. Lab. Law § 663(3) ...................................................................................................8

12 N.Y.C.R.R. § 142-2.14(6) ..........................................................................................6

Defendants respectfully submit this memorandum of law in support of their motion to dismiss Counts II, V, VI, VII, VIII, IX, X, XI, XII and XIV of the Amended Complaint (the "Complaint" or "Compl.") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

Plaintiffs claim they were "employees" of Defendant XYZ Limousine, Inc., XYZ Two Way Radio Taxi Association, Inc. and/or XYZ Two Way Radio Service, Inc. (collectively, "XYZ" or "Defendants"). Defendants vigorously deny that allegation and affirmatively state that Plaintiffs were at all relevant times independent contractors. As independent contractors, Plaintiffs are not entitled to any of the relief they request in the Complaint. However, disproving Plaintiffs' argument that they were employees will require discovery. Defendants expressly reserve all rights and remedies in that regard.

Even if the Court accepts as true the allegation that Plaintiffs were "employees" for purposes of this motion, many of the claims in the Complaint must be dismissed at this pre-answer stage because Plaintiffs are exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") and the minimum wage and overtime provisions of the New York Labor Law ("NYLL"). In addition, the Complaint fails to state a claim under New York General Business Law ("GBL") § 349, and the statute of limitations imposes an additional bar to Plaintiffs' claims. For these reasons, as discussed in further detail below, Defendants' motion to dismiss should be granted.

---

[1] The Complaint is attached as Exhibit A to the Affirmation of Deana Davidian dated May 6, 2016 ("Davidian Aff.").

## BACKGROUND

Defendants dispute the allegations in the Complaint, the vast majority of which are false. That said, in light of the standards applicable to a motion to dismiss, the following allegations are accepted as true for purposes of this motion:

The Complaint alleges that Defendants provide ground transportation services. *See* Compl. ¶¶ 14-23 (alleging that Defendants are engaged in a business that "dispatche[s]" rides and "offer the same limousine call service to customers"); *id.* at 36 (alleging that XYZ Car is "a car service"). Defendant Mohamed Mowad is the President of XYZ. *Id.* ¶ 23.

Plaintiff Gao alleges he was employed as a limousine driver for Defendants from November 2013 through January 2014. *See id.* ¶¶ 11, 64-65 (alleging he was employed to provide limousine car service to clients). Plaintiff Zhang alleges he was employed as a limousine driver for Defendants from January 2014 through June 2014. *See id.* ¶¶ 10, 36-37 (alleging he was employed to provide limousine car service to clients).

Upon receiving a transportation request from a customer, Defendants would dispatch the request to drivers, including Plaintiffs. *See id.* ¶¶ 41-42, 69-70. Defendants transport individuals and their property from one location to another location within the Tri-State area. *See* Davidian Aff., Ex. B. The customer signs a voucher for the fare, which Plaintiffs submitted to Defendants to receive a percentage of the fare. *See* Compl. ¶¶ 2, 51-52, 79-80. The Complaint alleges that Defendants and their drivers do not follow fixed routes or recurrent transportation as their driving destinations were "controlled" and directed by a dispatcher upon receipt from a request from a customer. *See id.* ¶¶ 41-42, 69-70.

Plaintiffs allege, *inter alia*, that Defendants failed to pay minimum wages and overtime compensation in violation of the FLSA and NYLL. *See id.* ¶¶ 29-30.

## ARGUMENT

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim . . . that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs cannot rely on "bald contentions, unsupported characterizations, and legal conclusions." *Garber v. Legg Mason, Inc.*, 537 F. Supp. 2d 597, 610 (S.D.N.Y. 2008) (citation omitted), *aff'd*, 347 F. App'x 665 (2d Cir. 2009). Here, accepting Plaintiffs' allegations in the Complaint as true for purposes of this motion, their claims are barred as a matter of law.

### I. COUNT VI IS BARRED AS A MATTER OF LAW BECAUSE PLAINTIFFS ARE EXEMPT FROM THE OVERTIME PROVISIONS OF THE FLSA.

Count VI seeks monetary damages, injunctive relief and penalties under the overtime provision of the FLSA, 29 U.S.C. 207(a). *See* Complaint, ¶¶ 135-142. However, pursuant to 29 U.S.C. § 213(b)(17), any person employed as a "taxicab" driver is exempt from the FLSA's overtime provisions. Specifically, that section provides that "[t]he provisions of Section 207 [entitled "Maximum hours"] . . . shall not apply with respect to . . . (17) any driver employed by an employer engaged in the business of operating taxicabs." 29 U.S.C. § 213(b)(17).

The FLSA does not define the term "taxicab" or "taxicab driver." However, courts have adopted the United States Department of Labor's definition of the "business of operating taxicabs," which is as follows:

> The taxicab business consists normally of common carrier transportation in small motor vehicles of persons and such property as they may carry with them to any requested destination in the community. The business operates without fixed routes or contracts for recurrent transportation. It serves the miscellaneous and predominantly local transportation need of the community. It may include such occasional and unscheduled trips to or from transportation terminals as the individual passengers may request, and may include stands at the transportation terminals as well as at other places where numerous demands for taxicab transportation may be expected.

3

*Cariani v. D.L.C. Limousine Serv., Inc.*, 363 F.Supp.2d 637, 641 (S.D.N.Y. 2005) (citing DOL Field Operations Handbook Chap. 24, § 24h01); *see also Arena v. Plandome Taxi, Inc.*, 2014 U.S. Dist. LEXIS 51967, at *42-43 (E.D.N.Y. 2014) (adopting Dept. of Labor Field Operations Handbook definition of "business of operating taxicabs" for purposes of FLSA exemption analysis).

Here, accepting Plaintiffs' allegations in the Complaint as true for purposes of this motion, Defendants are "engaged in the business of operating taxicabs." In particular, Plaintiffs allege they were "limousine" drivers who transported persons to requested destinations. Compl. ¶¶ 10-11, 36-37, 64-65. Defendants do not run fixed routes or have any recurrent transportation; rather, their cars are dispatched when a customer calls to arrange service. *Id.* ¶¶ 41-42, 69-70. Moreover, as set forth in XYZ's website and rate book, XYZ serves the miscellaneous and predominantly local transportation needs of the Tri-State area and may provide occasional and unscheduled trips to and from transportation terminals as customers may request. *See* Davidian Aff., Exs. B & C. Therefore, even if the Court accepts as true Plaintiffs' allegation that they were "employees" (an allegation that Defendants unequivocally deny), they are still nonetheless exempt from FLSA's overtime provisions. *See, e.g., Cariani*, 363 F. Supp. 2d at 645 (holding that defendant driver of "for-hire" vehicle fit within the taxicab exemption); *Arena*, 2014 U.S. Dist. LEXIS 51967, at *43 (taxicab exemption applied).

The case *Cariani v. D.L.C. Limousine Serv., Inc.*, 363 F. Supp. 2d 637 (S.D.N.Y. 2005), is instructive. In *Cariani*, a limousine driver asserted a claim for overtime wages under the FLSA against defendant D.L.C. Limousine Service, Inc. *See Cariani*, 363 F. Supp. 2d at 638. There, as in this case, the drivers operated "for-hire" vehicles that carried persons and property to requested destinations predominantly in the Tri-State area. *Id.* at 639. There, as in this case, the

4

vehicles were not municipally licensed as taxicabs, were not metered, and did not have a "taxi" vacancy light on top. *Id.* There, as in this case, the drivers did not run fixed routes or have any pre-determined time schedule; rather, their cars were dispatched when a customer calls to arrange service. *Id.* All of defendant's vehicles were either contracted at the airport or radio-dispatched; none of the cars in defendant D.L.C. Limousine's fleet were allowed to cruise the streets for passengers. *Id.* Based on these facts, the Court concluded that D.L.C. Limousine was engaged in the "business of operating taxicabs" and, therefore, its drivers were *exempt* from the FLSA's overtime provisions. *Id.* at 646. Notably, the court rejected plaintiff's argument that defendant fell outside the taxicab exemption because it operated "for-hire" cars – not taxicabs. *Id.* at 642.

Similarly, in *Arena v. Plandome Taxi, Inc.*, 2014 U.S. Dist. LEXIS 51967 (E.D.N.Y. 2014), a driver asserted a claim for overtime wages under the FLSA and NYLL against defendant Plandome Taxi, Inc. *See Arena*, 2014 U.S. Dist. LEXIS 51967, at *1. There, Plandome's drivers drove people and their property in vehicles to destinations requested by the passengers, its business operated in the Town of North Hempstead area without fixed routes or contracts for recurrent transportation, and it had taxi stands at a local railroad station and on a local road. *Id.* at *43. Accordingly, the court held that "Plandome's business fits squarely within the definition of 'Business of operating taxicabs,' as defined by the Department of Labor," and therefore, its drivers were *exempt* from the FLSA's overtime provisions. *Id.* at *43-44. The same result follows here, and Count VI should be dismissed as a matter of law.

## II. PLAINTIFFS' CLAIMS UNDER THE NYLL ARE BARRED SINCE DEFENDANTS ARE EXEMPT FROM THE APPLICABLE PROVISIONS.

Counts II, V, VII, VIII, IX, X, XI and XII seek monetary damages, injunctive relief and penalties under the NYLL. The NYLL specifically excludes from the definition of the

5

term "Employee" any individual who is employed or permitted to work as "a driver engaged in operating a taxicab." N.Y. Lab. Law § 651(5)(e). Thus, taxi drivers are exempt from the overtime and minimum wage provisions of the NYLL.

While NYLL § 651(5)(e) does not define a "driver engaged in operating a taxicab," the New York State Department of Labor's Minimum Wage Order for Miscellaneous Industries and Occupations, 12 N.Y.C.R.R. § 142-2.14(6), defines the term "driver engaged in operating a taxicab" as follows:

> [A]n individual employed to drive an automobile equipped to carry no more than seven passengers, which is used in the business of carrying or transporting passengers for hire on a zone or meter fare basis, and the use of which is generally limited to a community's local transportation needs and which is not operated over fixed routes, or between fixed terminals, or under contract.

12 N.Y.C.R.R. § 142-2.14(6)[2]; *see also Arena*, 2014 U.S. Dist. LEXIS 51967, at *50 (the Department of Labor's interpretation of the Labor Law is "entitled to deference") (quoting *Barenboim v. Starbucks Corp.*, 972 N.Y.S.2d 191 (2013)).

Here, as discussed above, Plaintiffs allege they were "limousine" drivers, and they did not follow fixed routes or have any recurrent transportation as their cars were dispatched when a customer calls to arrange service. *See supra* at 7. Moreover, Defendants serve the local transportation needs of the Tri-State area, and fares are determined by geographical zones. *See* Davidian Aff., Exs. B & C. Therefore, even if the Court accepts as true Plaintiffs' allegation that they were "employees" (an allegation that Defendants unequivocally deny), they would still nonetheless be exempt from NYLL's minimum wage and overtime provisions. Counts II, V, VII, VIII, IX, X, XI and XII in the Complaint should therefore be dismissed for the same reason

---

[2]   New York State's overtime law, 12 N.Y. Comp. Codes R. & Regs § 142-2.2, incorporates most of the substantive provisions and exemptions of the FLSA, and a court's analysis under federal and state law will in most cases by the same. *See Khan v. IBI Armored Servs., Inc.*, 474 F. Supp. 2d 448 (E.D.N.Y. 2007).

as Count VI. *See, e.g., Arena*, 2014 U.S. Dist. LEXIS 51967, at *50 (affording deference to the New York State Department of Labor's definition of "driver engaged in operating a taxicab," and dismissing NYLL claims because the taxi cab exemption applies to plaintiffs).

### III. PLAINTIFFS' GBL § 349 CLAIM FAILS AS A MATTER OF LAW.

GBL § 349 is "at [its] core, a consumer protection device." *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995). To state a claim under GBL § 349, a plaintiff must allege that "(1) that the defendant's conduct is 'consumer-oriented'; (2) that the defendant is engaged in a 'deceptive act or practice'; and (3) that the plaintiff was injured by this practice." *Boyd v. J.E. Robert Co.*, 2012 U.S. Dist. LEXIS 143365, at *43 (E.D.N.Y. Aug. 27, 2012) (citation omitted); *see also Dicroce v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist LEXIS 140314, at *21 (E.D.N.Y. Sep. 26, 2014) (citation omitted). To show "consumer-oriented" conduct, Plaintiffs must demonstrate that the acts complained of "have a broader impact on consumers at large." *Vitolo v. Mentor H/S, Inc.*, 426 F. Supp. 2d 28, 34 (E.D.N.Y. 2006). "[C]ourts routinely find that private, unique transactions are not subject to liability under the statute." *Saggio v. Select Portfolio Servicing, Inc.*, 2015 U.S. Dist. LEXIS 150490, at *29 (E.D.N.Y. 2015); *see also, e.g., Genesco Entm't v. Koch*, 593 F. Supp. 743, 752 (S.D.N.Y. 1984) ("single shot transaction[s]" are not contemplated by the consumer protection provisions).

Here, Plaintiffs' GBL § 349 claim is premised entirely upon Defendants' filing of a purportedly "fraudulent information return." Compl. ¶ 174. Even assuming as true for purposes of this motion that Defendants filed a "fraudulent information return" (which they did not), this did not have a "broad[] impact on consumers at large." *Vitolo*, 426 F. Supp. 2d at 34. Instead, it is a private dispute unique to the parties. Plaintiffs' GBL § 349 claim must therefore be dismissed. *See, e.g., Saggio*, 2015 U.S. Dist. LEXIS 150490, at *29 (dismissing GBL § 349

7

claim because the complaint did not allege "consumer-oriented conduct"); *Woods v. Maytag Co.*, 807 F. Supp. 2d 112, 128 (E.D.N.Y. 2011) (dismissing GBL § 349 claim because "Plaintiff has not demonstrated that the misrepresentation . . . had a broad impact on consumers at large").

## IV. PLAINTIFFS' CLAIMS ARE BARRED BY STATUTE OF LIMITATIONS.

Finally, "[c]laims arising pursuant to the NYLL are subject to a six-year statute of limitations." *Gonzalez v. Gan Israel Preschool*, 2014 U.S. Dist. LEXIS 34633, at *32 (E.D.N.Y. Feb. 5, 2014) (citation omitted); N.Y. Lab. Law § 663(3). The FLSA "has a statute of limitations which reaches back two years from the filing of the complaint or three years back for willful violations." *Godlewska v. HDA, Human Dev. Ass'n, Inc.*, 2006 U.S. Dist LEXIS 30519, at *11 (E.D.N.Y. May 18, 2006); 29 U.S.C. § 255(a). Accordingly, any claims for conduct occurring prior to the applicable limitations period are time-barred.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their motion to dismiss Counts II, V, VI, VII, VIII, IX, X, XI, XII and XIV of the Complaint, together with such other and further relief as the Court deems just and proper.

Dated: May 6, 2016
New York, New York

          Respectfully submitted,

          ARKIN SOLBAKKEN LLP

          By: */s/ Lisa C. Solbakken*
              Lisa C. Solbakken, Esq.
              Robert C. Angelillo, Esq.
              Deana Davidian, Esq.
              750 Lexington Avenue, 25th Fl.
              New York, New York 10022
              Tel: (212) 333-0200
              Fax: (212) 333-2350

          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Deana Davidian, hereby certify that on May 6, 2016, this Memorandum of Law in Support of Defendants' Motion to Dismiss was served by e-mail on counsel for all parties.

> Deana Davidian (DD 4181)
> 750 Lexington Avenue, 25th Floor
> New York, New York 10022
> Telephone: (212) 333-0200
> Facsimile: (212) 704-8370
> ddavidian@arkin-law.com