FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JAN 26 2017   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JIHUI ZHANG and XIDONG GAO, on behalf of
themselves and others similarly situated,

                                Plaintiffs,

              -against-

XYZ LIMOUSINE, INC.
      d/b/a XYZ Car;
XYZ TWO WAY RADIO TAXI ASSOC., INC.
      d/b/a XYZ Car;
XYZ TWO WAY RADIO SERVICE, INC.
      d/b/a XYZ Car; and
MOHAMED MOWAD,

                                Defendants.

---------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 15-7440

(Wexler, J.)

APPEARANCES:

    TROY LAW, PLLC
    BY:   JOHN TROY, ESQ.
    Attorneys for Plaintiff
    41-25 Kissena Boulevard, Suite 119
    Flushing, New York 11355

    ARKIN SOLBAKKEN LLP
    BY:   LISA C. SOLBAKKEN, ESQ.
            ROBERT C. ANGELILLO, ESQ.
            DEANA DAVIDIAN, ESQ.
    Attorneys for Defendants
    750 Lexington Avenue, 25th Floor
    New York, New York 10022

WEXLER, District Judge:

        Before the Court is the Defendants' motion to dismiss Counts II, V, VI, VII, VIII, IX, X,

XI, XII and XIV of Plaintiffs' Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs oppose the motion. For the following reasons, Defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs, Jihui Zhang ("Zhang") and Xidong Gao ("Gao") (collectively, "Plaintiffs"), are former employees of Defendants XYZ Limousine, Inc., XYZ Two Way Radio Taxi Assoc., Inc., and XYZ Two Way Radio Service, Inc., all doing business as XYZ Car ("XYZ" or "Defendants"), and their owner/operator and President, Mohamed Mowad ("Mowad"). XYZ is a car service and Zhang and Gao were both employed as drivers to provide limousine car services to clients.

Zhang was employed by XYZ from approximately January to June 2014. (Am. Compl. ¶ 36.) Zhang regularly worked ten hours per day, seven days per week, totaling seventy hours each workweek. (Id. ¶ 39.) On average, Zhang drove approximately two hundred miles per day. (Id. ¶ 40.)

Gao was employed by XYZ from approximately November 2013 to January 2014. (Id. ¶ 64.) Gao regularly worked twelve hours per day, seven days per week, totaling seventy-two hours each workweek. (Id. ¶ 67.) On average, Gao drove approximately one hundred and fifty to two hundred miles per day. (Id. ¶ 68.)

Defendants controlled Plaintiffs' work through dispatch orders, sending them to specified clients. (Id. ¶¶ 41, 69.) Plaintiffs were required to work solely and exclusively for XYZ and were monitored through the radio dispatcher. (Id. ¶¶ 42, 70.)

As a precondition for employment, Plaintiffs were required to pay two hundred dollars per week to XYZ as a weekly radio deposit. (Id. ¶¶ 43-44, 71-72.) In addition to this deposit, Defendants also made deductions from Plaintiffs' wages, as follows: (1) one dollar per voucher per ride; (2) twenty-five dollars per week for dues; (3) two hundred dollars per week for insurance;[1] (4) a flat New York State sales tax of $1.35 per week; and (5) miscellaneous deductions for various other things, including voucher corrections. (Id. ¶¶ 44, 72.) Finally, Defendants deducted nineteen percent of tips and out-of-pocket toll expenses from Plaintiff's gross income. (Id. ¶¶ 47, 75.) Defendants failed to obtain proper authorization for the foregoing deductions, as required by law. (Id. ¶¶ 50, 78.)

In addition, Plaintiffs were required to pay for their automobile, its maintenance and operation, parts and supplies. (Id. ¶¶ 53, 81.) Defendants did not compensate or reimburse Plaintiffs for these costs. (Id. ¶¶ 54, 82.) Plaintiffs were also required to maintain their cars in clean condition at all times, or else fines would be levied in the form of paycheck deductions. (Id. ¶¶ 57-58, 85-86.) Plaintiffs were not reimbursed for any expenses related to keeping their cars clean. (Id. ¶¶ 60, 88.) Moreover, Plaintiffs were required to wear a black suit with black dress pants, a white dress shirt and a tie and to have their shoes shined as part of their employment. (Id. ¶¶ 55, 83.) If Plaintiffs did not report to work in satisfactorily clean uniforms, fines were levied in the form of paycheck deductions. (Id. ¶¶ 56, 84.)

Finally, both Plaintiffs were classified by Defendants as "B-level" drivers, despite passing a translation and English conversation test as a precondition for employment. (Id. ¶¶ 62, 90.) As

---

[1] Plaintiffs allege that in addition to the insurance deduction taken from their wages, Defendants also required them to obtain out-of-pocket and unreimbursed automobile insurance as a requirement for employment. (Id. ¶¶ 45, 73.)

a result of this classification, Plaintiffs were given less desirable driving assignments than other employees. (Id. ¶¶ 63, 91.)

Plaintiffs commenced the within action on January 5, 2016 and amended their Complaint, as of right, on January 14, 2016. The Amended Complaint alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), as well as Defendants' filing of a fraudulent tax return, breach of implied contract and violation of Section 349 of the New York General Business Law.

Defendants now move to dismiss the following causes of action: (1) unlawful deductions in violation of the New York Labor Law (Count II); (2) failure to pay minimum wage in violation of the New York Labor Law (Count V); (3) failure to pay overtime wages in violation of the FLSA (Count VI); (4) failure to pay overtime wages in violation of the New York Labor Law (Count VII); (5) failure to pay spread-of-time pay in violation of the New York Labor Law (Count VIII); (6) failure to provide meal periods in violation of the New York Labor Law (Count IX); (7) failure to keep records in violation of the New York Labor Law (Count X); (8) failure to provide notice to employees of rates of pay in violation of the New York Labor Law (Count XI); (9) failure to provide detailed pay stub information in violation of the New York Labor Law (Count XII); and, (10) violation of Section 349 of the New York General Business Law. Plaintiffs oppose Defendants' motion on all grounds.

## DISCUSSION

I.   <u>Legal Standard</u>

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint, see Iqbal, 556 U.S. at 678; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007), and to "draw[] all reasonable inferences in the plaintiff's favor." Troni, 2010 U.S. Dist. LEXIS 79670, at *5 (quoting In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007)).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

II.     The FLSA and the New York Labor Law

In support of their motion to dismiss Counts II, V, VI, VII, VIII, IX, X, XI and XII, Defendants proffer the same argument - that Plaintiffs are exempt from the applicable provisions of the FLSA and the NYLL because they are employed as "taxicab" drivers. In support of their

argument, Defendants cite to two cases within this circuit, Cariani v. D.L.C. Limousine Service, Inc., 363 F. Supp. 2d 637 (S.D.N.Y. 2005), and Arena v. Plandome Taxi Inc., No. 12 CV 1078, 2014 U.S. Dist. LEXIS 51967, at *1 (E.D.N.Y. Apr. 14, 2014), both of which found the limousine driver plaintiffs to be exempt from the overtime protections of the FLSA under the "taxicab driver" exemption. However, while factually similar to the instant case, both of the former cases were decided on motions for summary judgment, after the completion of discovery. Here, Defendants seek to have the Court dismiss Plaintiffs' case on exemption grounds before the benefit of any discovery. The Court finds the request premature at this juncture.

"Exemptions to a remedial law like the FLSA are to be 'narrowly construed against the employers seeking to assert them,'" Kim v. Suk Inc., No. 12 Civ. 1557, 2014 U.S. Dist. LEXIS 28316, at *5 (S.D.N.Y. Mar. 4, 2014) (quoting Arnold v. Ben Kanowsky Inc., 361 U.S. 388, 392 (1960)), and the burden of proving employees exempt lies with the employer. See Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101 (2d Cir. 2010). While an affirmative defense such as exemption can be grounds for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal in such a case is "appropriate only 'if the defense appears on the face of the complaint.'" Saca v. Dav-El Reservation Sys., Inc., 600 F. Supp. 2d 483, 486 (E.D.N.Y. 2009) (quoting Staehr v. Hartford Fin. Servs. Group, 547 F.3d 406, 426 (2d Cir. 2008)). That is not the case here.

The arguments Defendants offer in support of their exemption argument "are highly dependent on facts concerning the nature of [Defendants'] business," which are "largely within [Defendants'] control." Saca, 600 F. Supp. 2d at 487. In reviewing the docket sheet in this action, it appears that the parties have not even had their initial appearance before the assigned

Magistrate Judge yet. Accordingly, there has been no discovery conducted thus far. Dismissing the action on the grounds of exemption at this stage would be inappropriate. Accordingly, Defendants' motion to dismiss the FLSA and NYLL claims is denied.

III. New York General Business Law § 349

"Section 349 of the General Business Law was intended to be a consumer protection statute." Vitolo v. Mentor H/S, Inc., 426 F. Supp. 2d 28, 33 (E.D.N.Y. 2006) (quoting Teller v. Bill Hayes, Ltd., 630 N.Y.S.2d 769, 772 (2d Dep't 1995)). The language of the statute declares unlawful any "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(h). Accordingly, "[t]he typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising." Vitolo, 426 F. Supp. 2d at 33 (quoting Genesco Entm't v. Koch, 593 F. Supp. 743, 751 (S.D.N.Y. 1984)).

To state a claim under Section 349, a plaintiff must demonstrate that "(1) the challenged act or practice was consumer oriented; (2) the act or practice was misleading in a material way; and (3) the plaintiffs suffered injury as a result of the deceptive act." Lebowitz v. Dow Jones and Co., 508 Fed. Appx. 83, 85 (2d Cir. 2013) (citing Stutman v. Chem. Bank, 95 N.Y.2d 24, 29 (2000)). The gravamen of such a claim "must be consumer injury or harm to the public interest." Magnalock Corp. v. Schnabolk, 65 F.3d 256, 264 (2d Cir. 1995). Accordingly, to sustain a Section 349 claim, Plaintiff "must demonstrate that the acts or practices have a broader impact on consumers at large. Private . . . disputes, unique to the parties . . . would not fall within the ambit

of the statute." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25 (1995). "The critical question . . . is whether the matter affects the public interest in New York." Magnalock, 65 F.3d at 264.

Here, Count XIV of the Amended Complaint alleges that Defendants violated Section 349 by willfully filing a fraudulent tax return. In support of this claim, Plaintiffs allege that Defendants advertised to customers that its quotes for car services included gratuities for the drivers. However, Plaintiffs never received such gratuities from Defendants. Apparently, these missing gratuities were then somehow reported on Defendants' tax return.

Plaintiffs have failed to demonstrate that Defendants' allegedly deceptive practices are consumer-oriented as required under Section 349. Rather, the harm alleged is specific to Plaintiffs in that they purportedly never received certain gratuities alleged to have been intended for them. While Plaintiffs argue in their memorandum of law in opposition to Defendants' motion that "a reasonable consumer would be misled by the Defendants alleged misrepresentation that a portion of their payment would go to the drivers as a gratuity," (Pl. Mem. of Law in Opp'n 8), this is insufficient to state a claim under Section 349. There are no concrete allegations of harm to the public at large, which is the crux of a Section 349 claim.

Based on the foregoing, the Court finds that Plaintiffs have failed to state a claim for violation of Section 349 of the New York General Business Law. Accordingly, Defendants' motion to dismiss is granted solely with respect to that claim and Count XIV of the Amended Complaint is dismissed, with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted solely with respect to Count XIV of the Amended Complaint and that count is dismissed, with prejudice. In all other respects, Defendants' motion is denied. The parties are directed to contact the assigned Magistrate Judge forthwith to begin discovery.

**SO ORDERED:**

Dated: Central Islip, New York
       January 26, 2017

                                          LEONARD D. WEXLER
                                          United States District Judge