

750 Lexington Avenue
New York, New York 10022
Tel: (212) 333-0200
Fax: (212) 333-2350

Thomas G. O'Brien
Direct Dial: (212) 333-0263
tobrien@arkin-law.com

October 13, 2017

**Via ECF and U.S. MAIL**

Hon. Leonard D. Wexler
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

> Re: *Zhang, et al. v. XYZ Limousine, Inc., et al.*, No. 15-cv-07440 (LDW) (AKT), **Defendants' Pre-Motion for Summary Judgment Conference Request Letter**

Dear Judge Wexler:

This firm represents Defendants in the above-referenced action. Pursuant to Rule 2(B) of Your Honor's Individual Motion Practice and Rules, we write to outline the bases for Defendants' anticipated motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and to respectfully request a pre-motion conference with respect to the same.

## I. BACKGROUND

Defendants provide "black car" ground transportation services and Plaintiffs are former drivers with Defendants. Plaintiffs bring Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims for unpaid wages and overtime. The Court previously granted Defendants' motion to dismiss, in part, dismissing Plaintiffs' claim for violation of Section 349 of the New York General Business Law (Count XIV). *See* Dkt. 29 at 8-9. In that order, the Court also found that this action was "factually similar" to other "taxicab" driver exemption cases that were dismissed as a matter of law but declined to dismiss Plaintiffs' claims because discovery had not yet commenced. *See id.* at 6-7. Discovery is now complete and confirms that Plaintiffs' claims are baseless and should be dismissed.

## II. BASES FOR SUMMARY JUDGMENT

### A. Plaintiffs Were Independent Contractors

Summary judgment is warranted on FLSA and NYLL minimum wage and overtime claims where plaintiffs are independent contractors. *E.g., Browning v. CEVA Freight, LLC*, 885 F. Supp. 2d 590, 591 (E.D.N.Y. 2012). Courts determining whether a plaintiff is an independent contractor under the FLSA consider: "'(1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.'" *Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131, 139 n.19 (2d Cir. 2017) (quoting



ARKIN SOLBAKKEN LLP

Hon. Leonard D. Wexler
October 13, 2017
Page 2

*United States v. Silk*, 331 U.S. 704, 716 (1947)). Courts consider similar factors in determining independent contractor status under the NYLL. *E.g.*, *Saleem v. Corporate Transp. Grp., Ltd.*, 52 F. Supp. 3d 526, 536 (S.D.N.Y. 2014).

Here, discovery confirms that Plaintiffs were independent contractors. Plaintiffs admitted at their depositions that they: (1) purchased, operated, and maintained their own cars, which they were free to use for personal reasons, (2) paid for all of their driving expenses, (3) used their personal knowledge or the assistance of a GPS to get customers to their desired locations, (4) chose what days and hours they drove customers, (5) worked as much or as little as they wanted, (6) were not required to notify XYZ if they chose to take time off, (7) wore their personal clothing which they were free to wear in their free time, (8) were free to engage in other employment and voluntarily chose not to work for anyone else, (9) were not paid a salary or an hourly wage, (10) were paid on Form 1099s, and (11) did not receive any fringe benefits.

Courts considering FLSA and NYLL minimum wage and overtime claims have granted summary judgment in analogous driver cases. *See, e.g.*, *Saleem*, 854 F.3d at 134-49; *Saleem*, 52 F. Supp. 3d at 535-45; *Browning*, 885 F. Supp. 2d at 599-611. Summary judgment is warranted on all of Plaintiffs' minimum wage and overtime claims (Counts I and IV-VII).

### B. Plaintiffs Were FLSA- and NYLL-Exempt Taxicab Drivers

Even if Plaintiffs were employees (which they were not), summary judgment is warranted on Plaintiffs' FLSA overtime claim and all of Plaintiffs' NYLL claims (Counts II, V, VI-VIII, IX, and X-XII) because Plaintiffs were exempt "taxicab" drivers. Courts determining whether a plaintiff is a "taxicab" driver under the FLSA consider whether the plaintiff is in the "business of operating taxicabs" which entails providing "common carrier transportation in small motor vehicles of persons . . . without fixed routes . . . [to] serve the miscellaneous and predominantly local transportation needs of the community." *Munoz-Gonzalez v. D.L.C. Limousine Serv.*, No. 15-cv-9368, 2017 U.S. Dist. LEXIS 107925, at *7-8 (S.D.N.Y. July 12, 2017). Courts determining whether a plaintiff is a "taxicab" driver under the NYLL rely on a similar standard for "driver[s] engaged in operating a taxicab." *See, e.g.*, *Arena v. Plandome Taxi Inc.*, No. 12-cv-1078, 2014 U.S. Dist. LEXIS 51967, at *47-50 (E.D.N.Y. Apr. 14, 2014).

Here, Plaintiffs have admitted in their depositions that they drove customers for hire in five-passenger cars to and from different locations throughout New York City and the surrounding suburbs, used GPS or their own knowledge to determine routes, and did not drive fixed routes. Moreover, fares were based on zone or distance traveled. Courts have consistently granted summary judgment in favor of car service companies on FLSA overtime and NYLL claims based on similar facts. *See, e.g.*, *Cariani v. D.L.C. Limousine Serv.*, 363 F. Supp. 2d 637, 638-45 (S.D.N.Y.); *Munoz-Gonzalez*, 2017 U.S. Dist. LEXIS 107925, at *2-20; *Arena*, 2014 U.S. Dist. LEXIS 51967, at *22-50.



### C. Plaintiffs' Released Their Non-FLSA Claims

After Plaintiffs voluntarily quit, they were paid all amounts owed to them and expressly released all claims against Defendants. Courts have repeatedly dismissed New York Labor Law and other non-FLSA claims based on similar broad releases. *See, e.g., DiFilippo v. Barclays Capital, Inc.*, 552 F. Supp. 2d 417, 426 (S.D.N.Y. 2008). Summary judgment is warranted on Plaintiffs' non-FLSA claims (Counts II, III, V, VII, VIII, and IX-XIII).

### D. Plaintiffs Admit They Were Paid Above Minimum Wage

Plaintiff Zhang admits that "[h]is hourly rate ranged from $8.99 to $23.71 per week" between March and May 2014. Similarly, Plaintiff Gao admits that he made between $12.54 and $41.01 per hour for all but one pay period between November 2013 and February 2014. Plaintiffs made above minimum wage for these time periods. Moreover, Mr. Gao admitted in his deposition that in calculating his hourly rate for the single pay period he allegedly made less than minimum wage, Mr. Gao solely relied on his paycheck to determine the number of hours worked. Mr. Gao's paycheck, though, does not show hours worked. Mr. Gao cannot demonstrate that he was paid below minimum wage and Plaintiffs have no documents showing otherwise. Plaintiffs' wage and spread hour claims (Counts I, IV-V, and VIII) should be dismissed. *See Singh v. Patel*, No. 12-cv-3204, 2013 U.S. Dist. LEXIS 72619, at *7 (E.D.N.Y. May 16, 2013).

### E. Additional Reasons Favor Summary Judgment

Additional reasons favor summary judgment. First, summary judgment is warranted on Plaintiffs' NYLL § 162 claim (Count IX) because there is no private cause of action under NYLL § 162. *See, e.g., Browne v. IHOP*, No. 5-cv-2602, 2005 U.S. Dist. LEXIS 48129, at *3 (E.D.N.Y. Aug. 9, 2005). Second, summary judgment is warranted on Plaintiffs' N.Y.C.R.R. § 146-2.1 payroll records claim (Count X) because that regulation only applies to the hospitality industry, not the car service industry. *See, e.g., Orozco v. Fresh Direct, LLC*, No. 15-cv-8226, 2016 U.S. Dist. LEXIS 133296, at *11-12 (S.D.N.Y. Sept. 27, 2016). Third, Plaintiffs' NYLL unlawful deductions claim (Count II) is meritless because any amounts deducted from Plaintiffs' payments were refunded when Plaintiffs voluntarily quit and, to the extent that any deduction was not refunded, Plaintiffs expressly authorized the deduction in writing. *See* N.Y. LAB. LAW § 193 (Consol. 2017). Fourth, Plaintiffs' implied contract claim (Count III) is baseless because Plaintiffs were independent contractors solely responsible for their own driving expenses.

Respectfully submitted,

Thomas G. O'Brien
*Attorney for Defendants*

cc: All Counsel of Record (via ECF)